UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HEATHER CLARK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 24-1932 (UNA) |
| | : | |
| MICHAEL RUDASILL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* (ECF No. 2), her *pro se* complaint (ECF No. 1), and her "Motion for Leave of Court in Order to Efile" (ECF No. 3), construed as a motion for a CM/ECF user name and password pursuant to Local Civil Rule 5.4(b)(2).  For the reasons discussed below, the Court will grant the application, dismiss the complaint without prejudice, and deny the motion as moot.

Plaintiff appealed a matter, designated PH-1221-24-0032-W-1, to the Merit Systems Protection Board ("MSPB") in October 2023.  Compl. at 5 (page numbers designated by CM/ECF).  Although "[t]he MSPB generally holds original jurisdiction over appeals for adverse federal employment actions," *id*., in plaintiff's case, "jurisdiction must be established before [it] can continue, be stayed, or any relief granted or denied," *id*.  According to plaintiff, the MSPB has yet to establish jurisdiction over her appeal.  *Id*.  The Administrative Law Judge ("ALJ") to whom plaintiff appeal is assigned "issue[d] a stay on any and all proceedings without stating a lawful reason for doing so," *id*., until such time as "he 'Established Jurisdiction', or otherwise decided the case should continue," *id*.  Plaintiff objected to this approach, and unsuccessfully filed an interlocutory appeal.  *See id*.  Plaintiff deems the stay an "unreasonable delay," *id*., a

1

denial of her right to due process, *see id*. at 5–6, and a violation of the Civil Service Reform Act ("CSRA"), *see id*. at 4, 13; 5 U.S.C. § 1101 *et seq*.

Dissatisfied with the ALJ's handling of the matter, and the speed with which he proceeds, plaintiff filed "a complaint . . . with the Office of Special Counsel detailing the [ALJ's] judicial misconduct" on or about February 27, 2024. *Id*. at 6. The OSC attorney to whom the matter was assigned allegedly closed the matter "without further investigation stateing [sic] 'OSC isn't the proper form for this complaint'." *Id*. at 9. According to plaintiff, the attorney "made the negligent and unethical suggestion that [she] simply follow the MSPB Appeal process[.]" *Id*. at 10. Dissatisfied with the OSC attorney's response, plaintiff "went up the chain of command and filed an OSC complaint against [the attorney] with . . . the Chief of the Disclosure Unit." *Id*. The Chief "immediately closed the complaint," *id*. at 11, and refused to respond to plaintiff's subsequent telephone calls and emails, *id*. Plaintiff accused the Chief of "purposely and deliberately protecting her subordinate . . . by committing the exact same unethical and negligent behavior." *Id*. at 10.

Plaintiff brings this action against the ALJ, the OSC attorney and Chief of the Disclosure Unit under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), *see* Compl. at 3, alleging violations of her Fifth Amendment right to due process, *see, e.g., id.* at 3, 12-15. As a result of defendants' action, or inaction, plaintiff allegedly suffers emotional distress, loss of liberty, weight gain and loss of sleep. *Id*. at 2. Plaintiff demands "General Compensatory Damages for emotional distress, plus mental suffering," as well as "Punitive Damages resulting from negligence, reckless indifference, and unlawful willful activity[.]" *Id*. The Court will dismiss the complaint for two principal reasons.

First, the plaintiff's claim is barred under the CSRA. In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). In the present context, adjudication of "appeals for adverse federal employment actions," Compl. at 5, the CSRA precludes the *Bivens* claim. *See Ahuruonye v. U.S. Dep't of Interior*, 312 F. Supp. 3d 1, 13 (D.D.C. 2018) ("Title VII, the CSRA, and the WPEA are all comprehensive statutory schemes that provide adequate relief for the plaintiff's claims arising from his federal employment, and therefore, preclude any *Bivens* claims based on alleged violations of the First and Fifth Amendments"); *Townsend v. United States*, 236 F. Supp. 3d 280, 322 (D.D.C. 2017) (concluding that "the CSRA precludes the plaintiff's *Bivens* claims . . . for violations of the First and Fifth Amendments").

Furthermore, the ALJ enjoys immunity from suit. "Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam)). This absolute judicial immunity extends to administrative law judges. *See Butz v. Economou*, 438 U.S. 478, 513 (1978). It does not appear that a stay of proceedings pending determination of MSPB jurisdiction amounts to an action not taken in the ALJ's judicial capacity, *see Forrester v. White*, 484 U.S. 219, 227–29 (1988), or an action, "though judicial in nature, taken in the complete absence of all jurisdiction," *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted).

3

## **CONCLUSION**

For the foregoing reasons, it is

**ORDERED** that plaintiff's application to proceed *in forma pauperis* is **GRANTED**; it is further

**ORDERED** that the plaintiff's complaint is dismissed without prejudice; it is further

**ORDERED** that the plaintiff's Motion for Leave of Court in Order to Efile is **DENIED** as moot.

**SO ORDERED.**

DATE: October 1, 2024

DABNEY L. FRIEDRICH
United States District Judge